868 F.2d 458
 276 U.S.App.D.C. 129
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
NEW BRITAIN GENERAL HOSPITAL HOME HEALTH AGENCY, et al., Appellants
v.
Dr. Otis R. BOWEN, Secretary of Health and Human Services, et al.
 No. 88-5420.
 United States Court of Appeals, District of Columbia Circuit.
 March 2, 1989.
 
 Before MIKVA, SILBERMAN and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. While the issues presented occasion no need for an opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 14(c) (August 1, 1987). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the judgment of the District Court appealed from in this cause is hereby affirmed for the reasons set forth in the accompanying memorandum. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2) (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 This case involves a challenge to a final rule adopted by the Secretary of Health and Human Services concerning the transfer of hospital-based home health agencies ("HHAs") to regional intermediaries. Appellants claim that the Secretary was required to apply the criteria adopted under 42 U.S.C. Sec. 1395h(f) governing assignment and reassignment of Medicare intermediaries generally when promulgating "criteria relating to administrative efficiency and effectiveness" under Sec. 1395h(e)(4). Appellants also allege independent violations of the Administrative Procedure Act and improper withholding of information from the administrative record. We find that each contention lacks merit and therefore affirm the district court.
 
 
 5
 The district court, apparently interpreting the Medicare statute de novo, concluded that "the Secretary is not required under Sec. 1395h(e)(4) to apply the criteria promulgated under Sec. 1395h(f)." We need not decide whether we would reach the same result considering the statute as a matter of first impression, because under the test of Chevron U.S.A. Inc. v. NRDC, Inc., 467 U.S. 837 (1984), it is clear that the Secretary's interpretation must be upheld. Under Chevron, we first consider whether Congress has "directly spoken to the precise question at issue." Id. at 842. If the intent of Congress is clear, of course, the agency must obey that command. If, however, the statute is silent or ambiguous with respect to the specific issue, we will defer to the agency's construction if it is "rational and consistent with the statute." NLRB v. United Food & Commercial Workers Union, 108 S.Ct. 413, 421 (1987).
 
 
 6
 On its face, Sec. 1395h(e)(4) is at least ambiguous; we certainly cannot say that Congress indicated a specific intent that the Secretary apply the Sec. 1395h(f) criteria to decisions made under Sec. 1395(e)(4). As the district court noted, unlike subsections (e)(1) and (e)(2), subsection (e)(4) makes no reference to the requirements of Sec. 1395h(f). This difference at least raises the possibility that Congress did not want to apply the Sec. 1395h(f) criteria in the context of hospital-based HHAs. The plain language of Sec. 1395h(e)(4) is also at odds with appellants' interpretation. The statute commands that the Secretary is to apply "such criteria relating to administrative efficiency as he shall promulgate." 42 U.S.C. Sec. 1395h(e)(4) (emphasis added). Since the first set of criteria under Sec. 1395h(f) was already promulgated when Sec. 1395h(e)(4) was passed, the statutory language is consistent with the notion that Congress contemplated different criteria to apply to the transfer of hospital-based HHAs. Although appellants offer a plausible reconciliation between their interpretation and the inappropriate tense of the statutory language, they fall far short of demonstrating a specific congressional intent in support of their case.
 
 
 7
 Turning to the second prong of Chevron, appellants offer two arguments why the Secretary's interpretation of Sec. 1395h(e)(4) is not permissible. First, they contend that the Secretary's current interpretation is inconsistent with the Department's earlier construction of the statute. This claim is unpersuasive. The earlier inconsistent position was taken only by agency counsel in a case dealing with a separate issue, and the position taken by counsel with respect to the relationship between Sec. 1395(e)(4) and Sec. 1395h(f) was unnecessary to the resolution of that case. We agree with the district court that statements or briefs of agency counsel in other litigation generally cannot create agency policy. See Heckler v. Chaney, 470 U.S. 821, 836 n. 5 (1985).
 
 
 8
 Second, appellants assert that because regulations promulgated pursuant to Sec. 1395h(f) relate to "the effective and efficient administration of the program," 42 C.F.R. Sec. 421.112 (1987), it is impermissible for the Secretary to use different criteria to evaluate "administrative efficiency and effectiveness" under Sec. 1395(e)(4). This argument simply assumes that the same considerations should guide a decision on effectiveness and efficiency in all contexts. But Congress declined to express that proposition in Sec. 1395h(e)(4), and we cannot say that the agency is unreasonable to formulate different criteria concerning the transfer of hospital-based HHAs than for other providers. After all, Congress' principal goal in enacting Sec. 1395h(e)(4) was to develop more uniform administrative and reimbursement practices among intermediaries that work with home health providers, see H.R.REP. NO. 1167, 96th Cong., 1st Sess. 368 (1980), and HCFA maintains a separate mechanism for evaluating the performance of individual intermediaries.[1]
 
 
 9
 Appellants next contend that the Secretary's final rule violates various requirements of the Administrative Procedure Act. For the reasons stated by the district court, we find that the appropriate standard of review is the "arbitrary or capricious" standard of 5 U.S.C. Sec. 706(2)(A), and that the Secretary's actions did not violate that standard. See J.A. at 267-275.
 
 
 10
 Finally, we reject appellants' claim that certain documents were improperly withheld under the deliberative process privilege. The agency has not--contrary to appellants' contention--reversed any prior policy, and appellants have shown no compelling reason to require disclosure that would outweigh the adverse effects on the deliberative process. See Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena, 40 F.R.D. 318, 328-29 (D.D.C.1966), aff'd, 384 F.2d 979 (D.C.Cir.), cert. denied, 389 U.S. 952 (1967) ("the requirement is that the claimants make a showing of necessity sufficient to outweigh the adverse effects the production would engender.").
 
 
 
 [1]
 We note that even the 1977 amendments seem to contemplate an inquiry into program effectiveness and efficiency that is separate from an evaluation of individual intermediaries. See 42 U.S.C. Sec. 1395h(f) ("the Secretary shall develop standards, criteria, and procedures to evaluate such agency's or organization's (1) overall performance of claims processing ..., and (2) performance of such functions with respect to specific providers of services, and the Secretary shall establish standards and criteria with respect to the efficient and effective administration of this part." (emphasis added); H.R.REP. NO. 673, 95th Cong., 2d Sess. 46 (1977) ("[effectiveness and efficiency] standards and criteria would be applied in addition to those that he will also establish for the purpose of evaluating and intermediary's performance with respect to all providers or specific providers.")